## UNITED STATES v. BAUGH & SONS CO. et al.

### Cr. No. 16891.

United States District Court
E. D. Pennsylvania.

June 15, 1953.

Edward P. Hodges, Acting Asst. Atty. Gen., William L. Maher, Donald G. Balthis, Walter L. Devany, III, Norfolk, Morton M. Fine, United States Dept. of Justice Antitrust Division, Philadelphia Pa., for plaintiff.

Charles J. Biddle, Philadelphia, Pa., for Baugh & Sons Co.

Harold B. Lipsius, Philadelphia, Pa., for Enterprise Animal Oil Co., Enterprise Tallow & Grease Co. and William J. Smith.

David Bortin, Philadelphia, Pa., for Frank Auerbach.

David Bortin, George J. Ivins, Philadelphia, Pa., for Keystone Rendering Co. Inc. and Adolf Klein.

Thomas D. McBride, Philadelphia, Pa., for Robert E. Smith.

Alexander Brodsky, Philadelphia, Pa., for Francis X. Smith.

Robert J. Callaghan, Bernard G. Segal, Philadelphia, Pa., for Wilson & Co. and John F. Moran.

Frank M. Travaline, Jr., Camden, N. J., for J. Leon Mealey.

Thomas B. K. Ringe, Philadelphia, Pa., Kendall B. DeBevoise, New York City, for Van Iderstine Co.

Joseph F. M. Baldi, II and Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for Mutual Rendering Co. Inc., Robert C. Sage, Harry Ransley Sage.

CLARY, District Judge.

This indictment in four (4) counts charges the defendants with an unlawful conspiracy in restraint of trade, in violation of section 1 of the Sherman Act, 15 U.S.C.A. § 1; an unlawful conspiracy to monopolize interstate trade and commerce, an unlawful attempt to monopolize, and an unlawful monopolization of interstate trade and commerce, in violation of section 2 of the Sherman Act, 15 U.S.C.A. § 2.

The several defendants have each filed Motions for Bills of Particulars contending that the indictment is in terms so vague and general that it does not accurately inform the defendants of the nature and cause of the accusations against them with the result that they will be prejudiced in the preparation of their respective defenses unless they are given more specific information through the requested bills of particulars. Each moving defendant seeks specific information and details as to how and when each performed any acts in connection with the conspiracy, in what manner and with whom the acts were performed, how and in what manner the acts effected the object of the conspiracy, where, when and how the defendants became a party to the conspiracy, the terms of the agreement, and when the defendants authorized or ordered acts constituting the offenses charged.

Motions for bills of particulars are addressed to the discretion of the trial court. They should not be granted if the indictment is sufficiently specific to accomplish the purposes for which bills of particulars are intended. Those purposes are to provide a defendant with sufficient detail as to the nature of the charge to enable him to plead former acquittal or conviction if subsequently charged with the same offense and to inform the defendant of the charges against him in sufficient detail to enable him to prepare for trial without being subjected to surprise. If the indictment provides sufficient information to accomplish these purposes, the motions for bills of particulars should be denied. United States v. General Electric Co., D.C., 40 F.Supp. 627. This is particularly true where to grant the motions would unduly limit the prosecution in the presentation of its evidence. Mulloney v. United States, 1 Cir., 79 F.2d 566.

The indictment in the instant case meets the above tests of sufficiency and the motions must therefore be denied. The indictment identifies the nature of the trade and commerce involved and alleged to have been restrained, names and identifies as co-conspirators other corporations and individuals not indicted as defendants, and sets forth in detail the means by which the defendants are alleged to have accomplished and effectuated the purposes and objectives of the conspiracy.

In addition to the indictment, the Government has filed a Voluntary Bill of Particulars supplementing the information contained in the indictment. The voluntary bill of particulars alleges that the conspiracy originated in and about the year 1935, at about the time of the formation of the Middle Atlantic Renderers Association. The voluntary bill describes in detail what is meant by the "Philadelphia area". It alleges that numerous meetings were attended by the defendants and sets forth 21 specific dates of meetings between January 20, 1949 and June 6, 1952. It alleges that the terms of the conspiracies are oral and have not been reduced to writing. By the voluntary bill of particulars

the Government has limited its proof by stating that it will not claim that the combinations or conspiracies charged were effectuated in whole or in part by methods or means other than those alleged in the indictment. The Government further offered to file, upon receiving approval of the Court, copies of Solicitors' Reports of the Mutual Rendering Company and Baugh & Sons Company which the Government claims evidence further the connection of the defendants with the offenses charged.

■ The indictment, and more particularly as supplemented by the voluntary bill of particulars, is sufficiently definite to put the defendants on notice as to what they will be called upon to meet at time of trial. The information sought by the defendants in their motions for bills of particulars is not calculated to accomplish the purposes of bills of particulars but rather is aimed at compelling the Government to disclose its evidence relating to overt acts committed by each of the defendants in furtherance of the alleged conspiracies. Those matters are the circumstances by which the Government, no doubt, will attempt to prove the existence of the conspiracy. It is the unusual case where conspiracies are proved by direct evidence. To compel the Government to disclose at this time the circumstantial evidence upon which it will seek to prove the conspiracy would be to compel it to disclose evidence and would unduly limit it in the presentation of its case. It is not the function of a bill of particulars to compel the prosecution to reveal evidence in advance of trial or to indicate the testimony which it will offer.

■ The Government's offer in the voluntary bill of particulars to produce the Solicitors' Reports of the Mutual Rendering Company and Baugh & Sons Company will be approved. Those documents will be made available to the defendants and will constitute further information to them as to their connection with the alleged conspiracy. Several of the defendants have asked the Court to instruct the Government to disclose documents relating to them which will be used at time of trial and have also asked to have disclosed to them the type of documents on which the Government will rely together with their earliest and latest dates. I have indicated earlier that the information contained in the indictment and the voluntary bill of particulars is sufficient to enable the defendants adequately to prepare for trial without being surprised. However, in the exercise of the discretion reposed in me, I will require the Government to inform each defendant of the type of documents which the Government intends to use against each defendant and the earliest and latest dates of such documents. In compelling this limited disclosure by the Government I feel that I am not unduly limiting it in the presentation of its case. It will be free to offer any other evidence which it may have in addition to the documents referred to.

An appropriate order will be entered.