UNITED STATES of America ex rel. John STEVENSON

v.

David N. MYERS, Superintendent, State Correctional Institution, Graterford, Pennsylvania,

and

Clerk of Quarter Sessions Court, Montgomery County, Pennsylvania.

Misc. No. 2808.

United States District Court
E. D. Pennsylvania.

Sept. 16, 1964.

John Stevenson, pro se.

Richard S. Lowe, Norristown, Pa., for respondents.

JOSEPH S. LORD, III, District Judge.

This is a petition for a writ of habeas corpus. I have before me the entire record of the state proceedings, which reveals the following facts:

Relator was indicted on September 6, 1960, for armed robbery. He was tried before a jury, with counsel, and was found guilty on April 20, 1961. On April 26, 1961, motions for new trial and in arrest of judgment were filed by petitioner's attorney. These were denied on October 19, 1961. Petitioner was sentenced on November 10, 1961. Petitioner took no appeal.

In July of 1963, petitioner filed a "Petition for the Bill of Particulars" which was denied by the Court of Quarter Sessions on July 24, 1963, on the authority

of Commonwealth v. Hilbert, 190 Pa. Super. 602, 155 A.2d 212 (1959). This order was affirmed by the Superior Court on March 17, 1964. Commonwealth v. Stevenson, 202 Pa.Super. 450, 198 A.2d 607. Allocatur was denied on July 27, 1964, by the Supreme Court of Pennsylvania.

In his petition relator alleges that as an indigent he has been denied equal protection of the law because the state has arbitrarily denied him the right to obtain records of docket entries, commitment papers, indictments, warrant for arrest, search and seizure warrants, notes of testimony of the magistrate's hearing, transcripts and testimony for use "by the relator to prosecute an appeal." An examination of the state record, however, shows conclusively that, aside from the motions for new trial and in arrest of judgment, relator's only post-trial request was for a bill of particulars. There was no request for and hence no denial by Pennsylvania of any part of the record. Relator does not lack the record because of his poverty.[1] He lacks it because he did not ask for it, and there is no constitutional duty on a state to furnish a record that is not requested.

Neither was there any violation of relator's constitutional rights in the denial of the bill of particulars. It was denied not because relator was indigent but because it came too late. Commonwealth v. Hilbert, 190 Pa.Super. 602, 155 A.2d 212 (1959). Relator was treated no differently from any other person with or without means. It cannot be said, therefore, that he was denied equal protection of the law.

Nor is it a denial of due process to refuse a motion for a bill of particulars made after the trial. The purpose of a bill of particulars is to enable the defense to prepare for trial and to bar subsequent prosecution. Commonwealth v. Buccieri, 153 Pa. 535, 547, 26 A. 228, 233 (1893); Commonwealth v. Sabo, 83 Pa.Super. 166, 168–169 (1924). See also United States v. Baugh & Sons Co., 14 F.R.D. 331 (E.D.Pa., 1953). It is uniformly requested before the trial. Petitioner, having gone through the trial, needs no additional enlightenment as to the nature of the state's case against him. He has not complained of any threat of double jeopardy. Even in federal criminal proceedings it is axiomatic that the district court's action on application for a bill of particulars is discretionary. See, e. g., United States v. Empire Hat & Cap Mfg. Co., 47 F.Supp. 395 (E.D.Pa., 1942). In the absence of extremely peculiar circumstances, certainly not present here, the denial of a request for a bill of particulars (made after the trial) is not a denial of due process. The petition for a writ of habeas corpus is denied.

1. See Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).