Solve E. D'IPPOLITO, Edward A. D'Ippolito, William C. D'Ippolito, John B. D'Ippolito, 3rd, Marie Barry, Estate of Frank D'Orio, Dewey Spadoni, Elsie Masciarella and D'Ippolito Oil Company, a body corporate of the State of Delaware, Plaintiffs,

v.

AMERICAN OIL COMPANY, a body corporate of the State of Maryland, Atlantic-Richfield Company, a body corporate of the State of Pennsylvania, California Oil Company, a body corporate of the State of California, Cities Service Company, a body corporate of the State of Delaware, Cities Service Oil Company, a body corporate of the State of Delaware, Gulf Oil Corporation, a body corporate of the State of Pennsylvania, Humble Oil and Refining Company, a body corporate of the State of Delaware, Sinclair Refining Company, a body corporate of the State of Maine, Sun Oil Company, a body corporate of the State of New Jersey, and Texaco, Inc., a body corporate of the State of Delaware, Defendants.

Nos. 63 Civ. 247, 64 Civ. 736.

United States District Court
S. D. New York.

Aug. 18, 1967.

McGoldrick, Dannett, Horowitz & Golub, New York City, Robert G. Levy Berryl A. Speert George W. Liebmann, Jerry B. Chariton, David M. Blum, Baltimore, Md., for plaintiffs.

Townley, Updike, Carter & Rodgers Ronald Daniels, New York City, for American Oil Co.

Hughes, Hubbard, Blair & Reed, Jerome G. Shapiro, New York City, for Atlantic Richfield Co.

Cravath, Swaine & Moore, Victor Earle, III, New York City, for California (Chevron) Oil Co.

Frederick L. Schofield, New York City, for Gulf Oil Corp.

Milbank, Tweed, Hadley & McCloy, A. Donald MacKinnon, New York City, for Humble Oil and Refining Co.

Wickes, Riddell, Bloomer, Jacobi & McGuire, Harold F. McGuire, New York City, for Sinclair Refining Co.

Pepper, Hamilton & Scheetz, Alfred W. Cortese, Jr., Philadelphia, Pa., for Sun Oil Co.

James O. Sullivan, New York City, for Texaco, Inc.

George H. Colin, Baer, Marks, Friedman & Berliner, New York City, for Cities Service Oil Co.

## MEMORANDUM

TENNEY, District Judge.

This litigation is a consolidation of two private actions commenced in this district alleging wrongful conduct by each of the defendants under the antitrust laws. The original action was brought in January 1963 and the second action has been pending since March 1964. The claims in this suit accrued from seven to twelve years ago.

All defendants with the exception of the defendant Texaco, Inc., herein move for an order staying further discovery as to them until determination by the United States District Court for the District of New Jersey of a related criminal action now pending in that Court (United States v. American Oil Co., Crim. 153–65), or until the further order of this court. After due consideration, defendants' motion to stay discovery is denied. However, the Court will grant a protective order in the form to be set forth infra.

In March 1965, shortly after the New Jersey criminal action had been commenced, plaintiffs moved for a stay of all proceedings in the within action pending the outcome of the New Jersey action. Said motion was denied by then Chief Judge Ryan of this court who indicated that it would have been granted only if consented to by all parties to the action. As of this date, plaintiffs have submitted to well over 9,000 pages of deposition testimony and examination of the defendants has just begun.

The moving defendants argue that by allowing discovery to continue, the effect would be to accord to the Government the advantage of pre-trial discovery upon the issues in the criminal action to which the Government is not entitled under the Federal Rules of Criminal Procedure, which discovery would irreparably injure said defendants in their defense of the criminal action; that such discovery would unduly burden and interfere with the preparation of defenses to the criminal action; and that a stay would be in the public interest and would not prejudice plaintiffs herein. The instant complaint has been recently amended so as to virtually conform to the New Jersey criminal indictment.

The Court is well aware of its power to supervise the administration of federal criminal justice (see McNabb v. United States, 318 U.S. 332, 340–341, 63 S.Ct. 608, 87 L.Ed. 819 (1943)), and of its duty to the criminal defendants to afford them the opportunity of obtaining a fair criminal trial. However, the Court also has a duty to the instant plaintiffs to allow the litigation to proceed to a conclusion without undue delay. And if both sides can be protected by an appropriate order, this should be done where at all feasible.

I am not convinced that by allowing the depositions to go forward that defendants will be oppressively burdened in the preparation of their criminal defense. Up to the present, defendants have had the benefit of plaintiffs' deposition testimony, which is apparently substantially similar to their testimony before the grand jury, and thus have already obtained substantial discovery in the criminal proceeding. Compare Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962), cert. denied, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963). Moreover, at the rate at which the criminal litigation is proceeding, it is doubtful that the case will go to trial within the near future so that it does not seem likely that defendants will be unduly burdened by submitting to discovery at this time. On the other hand, it is plaintiffs' undisputed contention that certain witnesses sought to be deposed are of advanced years, that others have already died, and that it is necessary to preserve testimony. It appears clear, therefore, that in balancing equities, plaintiffs present the stronger case. It is only in exceptional circumstances that *"the district court in which the criminal case is pending* should enjoin the taking of such a deposition"*. United States v. Simon, 373 F.2d 649, 653 (2d Cir.), cert. granted sub nom. Simon v. Wharton, 386 U.S. 1030, 87 S.Ct. 1485, 18 L.Ed.2d 591 (1967). (Emphasis added.) See also Perry v. McGuire, 36 F.R.D. 272 (S.D.N.Y.1964); United States v. Baugh & Sons Co., 14 F.R.D. 331 (E.D.Pa.1953). In the present case, this Court is being asked in effect to control discovery in a criminal case pending before another district court.

However, proper recognition must be given to defendants' position: This is not a case such as *Simon,* supra, where the civil action is being tried by parties with no interest in the outcome of the criminal litigation. Plaintiffs' second amended complaint substantially conforms to the allegations of the New Jersey indictment; plaintiffs obviously would welcome a conviction in the criminal action so that they could use the prima facie evidence rule promulgated in 15 U.S.C. § 15 in the instant action; and it is not disputed that the deposition testimony so far obtained from defendants has been turned over to the Government prosecutors in New Jersey. It is obvious, then, that defendants require some relief.

The Court is of the opinion that defendants will be adequately protected if the examinations of defendants and their witnesses are held with no one else present except the parties to the action, the persons to be deposed, and counsel, and if the depositions are immediately sealed, not to be opened until the conclusion of the criminal trial in the United States District Court for the District of New Jersey or until the further order of this court. Counsel argue that such order would be invalid since 15 U.S.C. § 30 provides that antitrust proceedings shall be public. However, said section applies only to suits in equity brought by the United States under the antitrust laws and not to actions commenced by private litigants. See 4 Moore, Federal Practice ¶ 30.10, at 2033 n. 1 (2d ed. 1966). Additionally, the Court will direct that any documents ordered produced will either be inspected by counsel for plaintiffs and immediately returned, or if such documents are utilized in conjunction with the taking of depositions, they shall also be sealed with the depositions, not to be opened until such time as has been previously set forth herein with respect to the depositions.

■■ The Court realizes that its proposed order may allow the Government to obtain additional means of obtaining evidence. Although such a result is not desirable, it is not discovery initiated or promoted by the Government "for the purpose of circumventing the Federal Rules of Criminal Procedure or any constitutional right of the [defendants]." United States v. Simon, supra. Indeed, defendants are not being denied their constitutional safeguards since a corporate witness cannot claim the privilege against self-incrimination. United States v. White, 322 U.S. 694, 699, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944); Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906); Hair Indus., Ltd. v. United States, 340 F.2d 510 (2d Cir.), cert. denied, 381 U.S. 950, 85 S.Ct. 1804, 14 L.Ed.2d 724, (1965); cf. United States v. Simon, supra.

At this time, the Court will stay all further discovery proceedings until such time as an order in conformity herewith is settled by the parties and approved by the Court.

Settle order promptly on two (2) days' notice in accordance herewith.