**Jonah DIENSTAG et al., Plaintiffs,**

v.

**Alexander N. BRONSEN et al.,
Defendants.**

**No. 68–Civ. 576.**

United States District Court,
S. D. New York.

Jan. 14, 1970.

Bennett Frankel, New York City, for plaintiffs.

Botein, Hays, Sklar & Herzberg, New York City, for defendants Anthony and Lewis L. Colasurdo.

## MEMORANDUM

CROAKE, District Judge.

This is a motion by Anthony and Lewis Colasurdo for a protective order pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, staying the depositions of these defendants until the disposition of a criminal case pending in this Court in which they are named as defendants and which is based upon the same acts and transactions as this action.

The instant civil action was commenced in February 1969. It is brought by plaintiffs individually and as representatives of all other stockholders and former stockholders of Crescent Corporation. The complaint alleges that defendants violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 of the Rules and Regulations issued by the Securities and Exchange Commission under the said Act by repeated and flagrant violations of the reporting requirements of Section 13 of the Securities Exchange Act of 1934, concealing from plaintiffs and from the class of persons represented by plaintiffs a series of transactions involving millions of dollars between Crescent Corporation and persons who controlled Crescent Corporation, which transactions involved basic conflicts of interest.

The criminal action was initiated by an indictment filed in July 1969. The indictment names eleven defendants and charges conspiracy, violation of provisions. of the securities laws, mail fraud, wire fraud, perjury and obstruction of justice. It alleges various means which were purportedly utilized by the defendants and co-conspirators to acquire control of Crescent Corporation through the use of its assets and the assets of another public corporation.

The transactions and reports upon which the civil action is based are the same as those alleged in the indictment.

The depositions of Anthony and Lewis Colasurdo were originally noticed for March 1969. Due to the numerous crises encountered by Mr. Bernstein, who was then defendants' counsel, and the courtesy extended by Mr. Frankel, counsel for plaintiffs, the depositions were adjourned from time to time and were most recently scheduled for October 15, 1969. Defendants' instant motion to stay these depositions until the disposition of the criminal case came on before the undersigned on November 20, 1969 and decision was reserved.

In support of their motion, defendants rely on the undisputed fact that the acts and transactions forming the basis for the allegations in this case are the same as those underlying the indictment in the pending criminal case in this Court, which has already been scheduled for trial. Defendants indicate that, as a result, if the depositions are not stayed, they will be compelled, on the advice of counsel, to assert their Fifth Amendment privilege in order to avoid revealing defenses in the criminal case, or otherwise incriminating themselves.

In opposition to the motion, plaintiffs argue that the instant civil case is independent of the pending criminal case. Bennett Frankel, Esq., counsel for plaintiffs, informs the Court in his opposing affidavit, dated October 20, 1969, that: "I have never even spoken on the telephone to any member of the prosecutor's staff concerning this matter and have had no request of any kind for cooperation from the Government. I do not intend to make available to the Government any deposition taken in this action * * *." He concludes that "there is therefore no reason to fear that the deposition sought will be of assistance in the prosecution of the criminal action." P. 2.

The liberal civil discovery rules serve an important function in our courts and represent a substantial improvement over the antiquated "sporting theory" of justice. Their purpose is to

make possible fair and expeditious preparation of cases, minimizing to the extent possible trial time spent in wasteful sparring unrelated to the merits of the case. This Court is mindful of its responsibility to keep the calendar moving, so that parties prepared for trial may receive expeditious determination of their cases. We are not prone to stay discovery in civil actions with the resultant slowing of the progression of the entire case.

However, in the instant case there are involved substantial rights of defendants Anthony and Lewis Colasurdo, who are in the process of preparing their defenses in the criminal action pending in this Court. Because of defendants' rights against self-incrimination, we have concluded that further discovery of defendants pending the termination of the criminal action should be stayed. While this will undoubtedly cause inconvenience and delay to plaintiffs, protection of defendants' constitutional rights against self-incrimination is the more important consideration. Paul Harrigan & Sons v. Enterprise Animal Oil Co., 14 F.R.D. 333 (E.D.Pa. 1953); National Discount Corp. v. Holzbaugh, 13 F.R.D. 236 (E.D.Mich.1952); *see* United States v. Simon, 373 F.2d 649 (2d Cir.), cert. vacated, 389 U.S. 425, 88 S.Ct. 577, 19 L.Ed.2d 653 (1967).

Plaintiffs have suggested that if we conclude that further public discovery should not be allowed, we should at most follow the procedure enunciated by the Court in D'Ippolito v. American Oil Co., 272 F.Supp. 310, 312 (S.D.N.Y. 1967), where the Court concluded:

> "The Court is of the opinion that defendants will be adequately protected if the examinations of defendants and their witnesses are held with no one else present except the parties to the action, the persons to be deposed, and counsel, and if the depositions are immediately sealed, not to be opened until the conclusion of the criminal trial in the United States District Court for the District of New Jersey or until the further order of this court."

We regard the latter case as distinguishable. In that case, defendants' rights against self-incrimination were not involved. The Court noted: "Indeed, defendants are not being denied their constitutional safeguards since a corporate witness cannot claim the privilege against self-incrimination." *Id.* at 313. In the instant case, on the other hand, defendants are being charged individually and are protected by the privilege against self-incrimination. We will not interfere with this right of defendants, even to the extent of allowing plaintiff to proceed with confidential discovery proceedings, as was done in *D'Ippolito*. The latter case is also distinguishable in that there defendants had already taken advantage of plaintiffs' deposition testimony which was apparently substantially similar to their testimony before the grand jury, and thus had already themselves obtained substantial discovery for use in the criminal proceeding.

Accordingly, defendants' motion is granted in its entirety.

So ordered.