**UNITED STATES of America**

*v.*

**Fergus S. SLOAN et al., Defendants.**

**No. 74 Cr. 859.**

United States District Court,
S. D. New York,
Civil Division.

Jan. 28, 1975.

Paul J. Curran, U. S. Atty. by Kenneth R. Feinberg, Asst. U. S. Atty., of counsel, New York City, for plaintiff.

Eleanor Jackson Piel, New York City, for defendant John J. Villani.

Vincent F. Murphy, New York City, for Hearing Board, The New York Stock Exchange.

Stanley S. Arkin, P. C., New York City, for defendant Donald Eucker.

Milbank, Tweed, Hadley & McCloy, New York City, for New York Stock Exchange, Inc.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Defendants John J. Villani and Donald Eucker seek to have this court enjoin the New York Stock Exchange from conducting disciplinary proceedings against them during the pendency of this criminal action. They argue that such proceedings violate their Fifth Amendment right against self-incrimination and impair their ability to get a fair trial. Both contentions must be rejected.

Aside from the jurisdictional objections [1] to this motion raised by both the government and the Stock Exchange [see, United States of America v. Solomon (2d Cir. 1975) 509 F.2d 863 (Decided January 14, 1975)], it seems clear that this motion is inappropriate at this time. The disciplinary hearing before the Exchange, which is now scheduled for February 3, 1975, does not seem likely to interfere with the defendants' right to a fair trial. At the Exchange proceeding, the defendants will inevitably invoke their Fifth Amendment privilege should they be called to testify and subsequently interrogated. The Exchange does not have the power to compel Villani and Eucker to give testimony.

1. By jurisdictional objections, I am not referring to the Exchange's contention that there is no *in personam* jurisdiction. As I said at oral argument that defect is easily corrected and should not bar a decision on the merits. The basic purpose of service of process—to give a party notice of the claim and an opportunity to appear and defend—was accomplished here as witnessed by the Exchange's appearance at the argument and its submission of legal memoranda on this motion.

**1064**

What disturbs the defendants, however, is that if they do refuse to answer, the Exchange, under its applicable rules, can take disciplinary action—including expulsion—against them. Villani and Eucker argue therefore that they are placed in a dilemma which effectively negates their Fifth Amendment privilege.

This contention must be rejected. In United States v. Kordel (1970) 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1, the Supreme Court indicated that it was not unfair for a potential or actual defendant in a criminal case to be put to the choice of having to assert the privilege in a related civil matter. See, also, DeVita v. Sills (3d Cir. 1970) 422 F.2d 1172; and United States v. Simon (2d Cir. 1967) 373 F.2d 649, cert. granted 386 U.S. 1030, 87 S.Ct. 1485, 18 L.Ed.2d 591, vacated as moot, 389 U.S. 425, 88 S.Ct. 577, 19 L.Ed.2d 653.

Furthermore, it is by no means certain that the Exchange will expel the defendants—or indeed take any disciplinary action against them—if they refuse to answer. The pendency of this criminal proceeding will have to be considered by the Exchange in determining the reasonableness of the defendants' actions. The Exchange has a wide variety of possible penalties, and it may decide that expulsion is simply not warranted.

Finally, even if the Exchange were to expel the defendants, it would still be inappropriate to enjoin the proceedings. This court still would fail to see how the defendants' right to a fair criminal trial would be compromised in any way. The proper remedy for the defendants in those circumstances would be to institute a separate action against the Exchange, challenging the expulsions on grounds of due process. See, e. g., Silver v. McCamey (C.A.D.C.1955) 95 U.S.App.D.C. 318, 221 F.2d 873.

Accordingly, the defendants' motion to enjoin the New York Stock Exchange is denied.

So Ordered.