**Ian WALDBAUM, Plaintiff,**

v.

**WORLDVISION ENTERPRISES,
INC., Defendant.**

No. 76 Civ. 3772.

United States District Court,
S. D. New York.

Oct. 12, 1979.

Solin & Breindel, New York City, for
plaintiff.

Phillips, Nizer, Benjamin, Krim & Ballon,
Michael J. Silverberg, David L. Bressman,
New York City [of counsel], for defendant.

### MEMORANDUM OPINION

MOTLEY, District Judge.

On September 21, 1979, plaintiff Wald-
baum requested before this court that the
continued deposition of plaintiff Waldbaum
by defendant Worldvision Enterprises, Inc.
("Worldvision"), be stayed pending a dispo-
sition of criminal charges against him.
Plaintiff also requested that the transcripts
of the deposition already conducted at that
time be sealed, along with the exhibits that
were marked at the deposition.  Finally,
plaintiff requested that all persons present
at the deposition or who had read the depo-
sition or exhibits be prohibited from disclos-
ing any of the information in the deposition
or exhibits to anyone.

At oral argument on September 21, 1979,
the court granted a temporary restraining
order with respect to a period of two weeks,
until further oral argument on October 5,
1979.  The temporary restraining order
(TRO) stayed continued deposition, sealed
the transcripts and exhibits, and prohibited
disclosure of information in the deposition
or exhibits for the two week interim period.

After hearing further oral argument on
October 5, 1979, the court denied the plain-
tiff's motion for a stay, on the grounds that
plaintiff had not yet been indicted in any
criminal proceeding.  However, the court
temporarily extended its stay granted in
the TRO of September 21, 1979—the stay to
continue until October 9, 1979, when the

plaintiff intended to request a certification of the court's order pursuant to 28 U.S.C. § 1292(b). Except for this temporary extension of the stay of further discovery, the TRO, including the seal of transcripts and the prohibition of disclosure, was vacated.

On October 9, 1979, plaintiff informed the court that he would not file an application for certification at that time. Instead, plaintiff informed the court that, if he were indicted by October 12, 1979, he intended on that date to seek reargument of the court's decision denying the motion for a stay.

On October 11, 1979, plaintiff informed the court that he had been indicted on October 10, 1979, and would renew his motion for a stay of discovery at a hearing scheduled for October 12, 1979.

On October 12, 1979, this court heard oral argument on plaintiff's motion for a stay of discovery. For the reasons stated below, the court again denies the motion for a stay of discovery. However, the court decides that the future deposition shall be placed under seal and all persons shall be prohibited from disclosing information revealed in the future deposition of plaintiff Waldbaum.

*Motion for Stay of Discovery*

Plaintiff's motion for a stay of discovery is again denied, on the basis of the Second Circuit decision in *United States v. Simon,* 373 F.2d 649 (2d Cir.), *cert. granted sub nom. Simon v. Wharton,* 386 U.S. 1030, 87 S.Ct. 1382, 18 L.Ed.2d 1464, *vacated as moot,* 389 U.S. 425, 88 S.Ct. 577, 19 L.Ed.2d 653 (1967). In *Simon,* the Second Circuit reversed an order by Judge Bryan, of the Southern District of New York, enjoining the deposition of a criminal defendant in the Southern District—the deposition was being conducted in a related civil matter in the Eastern District of New York. The Second Circuit held that Judge Bryan should not have issued the injunction, as there was no showing that the depositions would interfere with the trial of the indictment or the preparation of the criminal defense. The Second Circuit weighed the public interest in the progress of the civil action against the criminal defendant's in-terest in withholding testimony (without invoking the privilege against self-incrimination) until after the criminal trial. As long as the criminal defendant's preparation for criminal trial was not hampered, "[t]he fact that additional testimony thereby becomes available to the government is merely the natural byproduct of another judicial proceeding." *Id.* at 652. The Second Circuit explained that the situation was not unlike that "faced by any witness in a civil or criminal trial who is himself under investigation or indictment for other crimes. Such a witness must either invoke his privilege against self-incrimination, or assume 'the general duty to give what testimony one is capable of giving.'" *Id.* at 653. The Second Circuit concluded, "We cannot agree that 'civilized standards of procedure and evidence,' *McNabb v. United States,* [318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819] . . . require that a witness under indictment be given the option of nonappearance in related civil or criminal cases until his own trial is concluded."

After reaching this conclusion that the taking of the depositions did not threaten to interfere with the trial of the indictment or the preparation of the criminal defense, the Second Circuit then discussed the alternative reasoning that Judge Bryan in the Southern District was without power to issue the injunction over the deposition in the Eastern District civil proceeding.

█ This court is of the opinion that plaintiff Waldbaum has made no showing that the taking of the depositions would interfere with the trial of the indictment or with the preparation of his criminal defense. As defendant's counsel informed this court that the deposition of plaintiff would last no more than two or three days, it is clear that plaintiff's preparation for the criminal trial is not hampered. Accordingly, this case is directly controlled by the Second Circuit's decision in *Simon.*

Plaintiffs have cited a number of cases in which courts have chosen to stay discovery; each of the cases is readily distinguishable from the case at hand. In *Perry v.*

*McGuire,* 36 F.R.D. 272 (S.D.N.Y.1964), the civil *defendant* moved for relief from answering interrogatories until termination of criminal proceedings. In *Dienstag v. Bronsen,* 49 F.R.D. 327 (S.D.N.Y.1970), the civil *defendants* moved for a protective order staying depositions until disposition of a pending criminal case. In *Paul Harrigan & Sons, Inc. v. Enterprise Animal Oil Co.,* 14 F.R.D. 333 (E.D.Pa.1953), the civil *defendants* sought a stay of depositions. In *National Discount Corp. v. Holzbaugh,* 13 F.R.D. 236 (E.D.Mich.1952), the civil *defendant* sought an order terminating the taking of his deposition. The fact that these cases involved defendants, not plaintiffs, in civil proceedings is critical. As defendant Worldvision discusses at length in its brief, the distinction is between the use of the fifth amendment privilege as a sword and as a shield. To allow a plaintiff in a civil action to avoid a deposition on the basis of a criminal indictment against him would have the effect of allowing the plaintiff to use his fifth amendment right to the detriment of the defendant.

Thus, the court explained in *Independent Productions Corp. v. Loew's, Inc.,* 22 F.R.D. 266, 277 (S.D.N.Y.1958):

> Plaintiffs in this civil action have initiated the action and forced defendants into court. If plaintiffs had not brought the action, they would not have been called on to testify. Even now, plaintiffs need not testify if they discontinue the action. They have freedom and reasonable choice of action. They cannot use this asserted privilege as both a sword and a shield. Defendants ought not be denied a possible defense because plaintiffs seek to invoke an alleged privilege.

Finally, in *United States v. Sloan,* 388 F.Supp. 1062, 1064 (S.D.N.Y.1975), Judge Knapp, presiding over a criminal case in which defendants sought an injunction against the stock exchange from conducting disciplinary proceeding, held that it was not unfair "for a potential or actual defendant in a criminal case to be put to the choice of having to assert the [fifth amendment] privilege in a related civil matter." In sup-

port of his holding, Judge Knapp cited *United States v. Kordel,* 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970), where the Supreme Court upheld the criminal convictions of corporate officers, even though in obtaining the convictions the Government had used defendants' answers to interrogatories in related civil condemnation proceedings by the FDA. The Court assumed, but without deciding the question, that "in such case the appropriate remedy would be a protective order under Rule 30(b), postponing civil discovery until termination of the criminal action." *Id.* at 9, 90 S.Ct. at 768 [footnote omitted]. Plaintiff's suggestion that either *Sloan* or *Kordel* somehow requires this court to stay discovery in the case at hand is clearly without support.

In summary, in accordance with the Second Circuit decision in *United States v. Simon,* this court denies plaintiff's motion for a stay of discovery.

*Sealing of the Future Deposition of Plaintiff*

Plaintiff has urged the court, if the motion to stay is denied, to order his deposition sealed and to prohibit disclosure of information revealed in his deposition. Clearly, the factors to be considered in deciding whether to order the sealing of discovery are different from the factors to be considered in deciding whether to stay discovery.

■ The critical distinction is that an order sealing discovery does not impair the interests of the party conducting discovery. In this respect, situations involving stays of discovery, such as *United States v. Simon,* are markedly different. In *Simon,* for example, the Second Circuit balanced two competing interests. On the one hand is the interest of the discovering party, as well as the public, in the progress of the civil action. On the other hand is the interest of the party seeking a stay in withholding testimony (without invoking the privilege against self-incrimination) until after completion of the criminal proceeding. Clearly, however, an order sealing discovery in no way impairs the interest of the public and discovering party in the progress of the civil action. In this case, then, unlike *Simon,* the

balance is to be struck in favor of the party seeking an order sealing his testimony until after completion of the criminal proceeding.

Moreover, the fact that Waldbaum is a plaintiff, and not a defendant, in this civil proceeding is of no bearing in considering an order to seal discovery. As noted above, in considering a stay of discovery it is important to prevent a plaintiff from using his fifth amendment right to the detriment of a defendant. In contrast, an order sealing discovery does not impair the interests of the defendant Worldvision. Thus, here the court may issue an order helping to protect plaintiff's fifth amendment rights without any detriment to the defendant.

In fact, this course was taken by this court in *D'Ippolito v. American Oil Co.*, 272 F.Supp. 310, 312 (S.D.N.Y.1967), where Judge Tenney was "not convinced that by allowing the depositions to go forward that defendants will be oppressively burdened in the preparation of their criminal defense." However, Judge Tenney explicitly distinguished the case from *Simon*, "where the civil action is being tried by parties with no interest in the outcome of the criminal litigation." *Id.* In *D'Ippolito*, as in the case at hand, the party conducting discovery "obviously would welcome a conviction in the criminal action." *Id.* Accordingly, the court directed that "the examinations of defendants and their witnesses are held with no one else present except the parties to the action, the persons to be deposed, and counsel, and if the depositions are immediately sealed, not to be opened until the conclusion of the criminal trial . . . or until the further order of this court." *Id.*

In *D'Ippolito,* the court's order concerned only future discovery, since the discovery conducted prior to the court's order had already been turned over to the Government. Similarly, in the case at hand, this court vacated the TRO on October 5, 1979, thus allowing the Government to obtain through a grand jury subpoena the deposition conducted thus far. Obviously, then, any relief to be afforded Waldbaum in this civil proceeding should concern only the future deposition of Waldbaum. If plaintiff Waldbaum would like to challenge the Government's use of the transcripts of the deposition conducted thus far, his challenge is best presented in the criminal proceeding in which the Government may seek to introduce into evidence such material, not in this civil proceeding at hand.

For the above stated reasons, the court orders the parties to submit by 5:00 p. m., October 15, 1979, a proposed order providing for the sealing and confidentiality of the future deposition of plaintiff Waldbaum. At this time, the court will stay all further discovery proceedings until such time as an order in conformity with this opinion is settled by the parties and approved by the court.

SO ORDERED.