FIDELITY NATIONAL TITLE
INSURANCE COMPANY OF
NEW YORK, Plaintiff,

v.

NATIONAL TITLE RESOURCES
CORPORATION, and Joel M.
Holstad, Defendants.

No. Civ. 4–95–577 (JRT/RLE).

United States District Court,
D. Minnesota,
Fourth Division.

March 17, 1997.

Michael C. Hagerty, Minneapolis, MN, for
Plaintiff.

Gary B. Bodelson, Minneapolis, MN, for
Defendants.

## MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Motion of the Defendant Joel Holstad ("Holstad") for a Protective Order, which would limit the scope of his deposition until all related criminal proceedings and investigations, involving himself, have been completed.

A Hearing on this Motion was conducted on March 13, 1997, at which time the Plaintiff Fidelity National Title Insurance Company of New York ("Fidelity") appeared by Michael C. Hagerty, Esq., and the Defendants appeared by Gary B. Bodelson, Esq.

For reasons which follow, Holstad's Motion is denied, but we direct that those portions of his deposition testimony, which relate to matters pertaining to a criminal investigation, be sealed and may be used only for the purposes of this civil litigation.

### II. *Factual and Procedural Background*

At all relevant times, the Defendant National Title Resources ("National"), which does business as a title insurance and closing agency, performed services, under contract, with Fidelity. In this capacity, National issued commitments for title insurance policies, and was responsible for certain obligations arising from the closing of real estate transactions. Holstad is the president of National. In connection with their obligations to Fidelity, Holstad and National maintained various escrow accounts.

In this action, Fidelity alleges that Holstad and National misappropriated funds from the escrow accounts, that National breached its contract with Fidelity by failing to pay Fidelity its share of title insurance premiums, and that National committed a variety of errors when closing certain real estate transactions. In response, National has asserted a counterclaim in which it alleges that Fidelity wrongful terminated its agency contract with National. According to Holstad, the counterclaim is "interrelated to the allegations of conversion of trust funds and nonpayment of premiums because those alleged acts are claimed by the plaintiff to be the basis for the termination of the agency contracts." *Holstad Memorandum In Support of Motion,* at 2.

We are advised, by Holstad, that he is currently the target of a Federal Grand Jury investigation. Purportedly, that investigation concerns some of the same allegations of converting escrow funds, and of failing to share title insurance premiums, that are in contest here. Assertedly, an Assistant United States Attorney for this District has advised Holstad's criminal counsel that "the government expects to obtain indictments against Holstad as early as August, 1997." *Affidavit of Gary R. Bryant–Wolf.* Based upon his experience in such matters, Holstad's criminal counsel believes that any resulting criminal Trial "could be held about 6 to 10 weeks after the indictment [comes] down." *Id.*

By his Motion for a Protective Order, Holstad seeks to limit the scope of his deposition to only those questions which are related to the alleged errors that National committed during the real estate closing transactions, with the remaining areas of inquiry to be postponed until all of the criminal investigations and proceedings against him are completed.

### III. *Discussion*

■ A. *Standard of Review.* The Fifth Amendment of the Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." *U.S. Const. Amend V.* Notably, the Amendment not only protects an individual against being involuntarily called as a witness against himself in a criminal prosecution, but also privileges him not to answer official questions, that are put to him in any other proceeding, civil or criminal, formal or informal, when the answers might incriminate him in future criminal proceedings. *Lefkowitz v. Turley,* 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973).

■ Nevertheless, the Fifth Amendment does not ordinarily require a stay of civil

proceedings pending the outcome of criminal proceedings. *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir.1995), cert. denied, —— U.S. ——, 116 S.Ct. 94, 133 L.Ed.2d 49 (1995). Otherwise stated, although "[a] stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted[,] a civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege." *Koester v. American Republic Investments, Inc.,* 11 F.3d 818, 823 (8th Cir.1993). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneously] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *SEC v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375 (D.C.Cir.1980), cert. denied, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980).

■ As our Court of Appeals has recently observed, "to warrant a stay, defendant must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible." *Koester v. American Republic Investments, Inc.,* supra at 823, citing *Anglada v. Sprague,* 822 F.2d 1035, 1036–37 (11th Cir. 1987). In making this determination, a Court must consider the particular circumstances, and the competing interests, that are involved in each case. *Federal Sav. and Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir.1989). In addition to considering the extent to which a defendant's Fifth Amendment rights are implicated, a Court may consider, where relevant, the following five factors:

(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating v. Office of Thrift Supervision,* supra at 324–25; see also, *White v. Mapco Gas Products, Inc.,* 116 F.R.D. 498, 502 (E.D.Ark. 1987) (same)

■ B. *Legal Analysis.* With these precepts as our guide, we conclude that the balance of equities tips in favor of Fidelity, and against Holstad, and thus, in our view, the deposition of Holstad should proceed without limitation as to its proper scope. As to the burden on Fidelity if a postponement is granted, we initially note its interest in proceeding expeditiously with this action. Indeed, "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time." *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.,* 720 F.Supp. 805, 809 (N.D.Cal.1989), quoting *In re Mid–Atlantic Toyota Antitrust Litigation,* 92 F.R.D. 358, 359 (D.Md.1981); *In re Phillips, Beckwith & Hall,* 896 F.Supp. 553, 559 (E.D.Va. 1995) (" A party is not entitled to delay resolution of a civil action, even to accommodate her Fifth Amendment interests, if her adversary's case will deteriorate as a result of the' stay."). Given that an Indictment, if any, is not expected until August of this year, at the earliest, and the potential for lengthy appeals should a conviction be returned, a strong likelihood of a lengthy, and indeterminate, delay in the preparation of this case for Trial would surely ensue, if we were to now grant the requested stay.

Furthermore, National has interposed a counterclaim, which is integrally related to the information which Holstad now seeks to insulate from inquiry. According to Fidelity, Holstad is the only individual at National who has "complete information on the escrow account and premium issues." *Fidelity Memorandum In Support of Motion,* at 3. It is well-established, however, that "the right to assert the privilege does not, *a priori,* free the claimant of the responsibility to respond in pre-trial discovery when information sought bears upon the claimant's own counterclaim and affirmative defenses[,]" as "the privilege must not be used as a 'sword and shield' where affirmative relief is voluntarily sought by a party." *General Dynamics Corp. v. Selb Manufacturing Co.,* 481 F.2d

1204, 1213 (8th Cir.1973), cert. denied, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974), quoting *Independent Productions Corp. v. Loew's, Inc.*, 22 F.R.D. 266, 277 (S.D.N.Y.1958) [internal citations omitted].

In contrast, the burden on Holstad is generated by the fact that the Fifth Amendment does not preclude the factfinder from drawing an adverse inference when the privilege is invoked by a party in a civil proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 316–18, 96 S.Ct. 1551, 1557–58, 47 L.Ed.2d 810 (1976); *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 520–21 (8th Cir.1984), cert. denied, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984). However, as our Court of Appeals has explained, in *Koester v. American Republic Investments, Inc.*, supra at 824, "[a]lthough an adverse inference may be drawn against a party who invokes the Fifth Amendment privilege and refuses to testify in a civil proceeding, that silence alone is insufficient to support an adverse decision."

Moreover, since Holstad has not been indicted, he is not "encumbered with the burden of developing simultaneously both criminal and civil defenses." *In re Mid–Atlantic Toyota Antitrust Litigation*, supra at 360. Indeed, "[p]re-indictment requests for a stay of civil proceedings are generally denied." *U.S. v. Private Sanitation Industry Ass'n*, 811 F.Supp. 802, 805 (E.D.N.Y.1992); see also, *SEC v. Dresser Industries, Inc.*, supra at 1376 (the case for staying civil proceedings is "a far weaker one" when "[n]o indictment has been returned").

Notwithstanding our recognition that Fidelity is entitled to have this litigation proceed without undue delay, and that a defendant has no absolute right to be free from having to choose between testifying in a civil matter or invoking his Fifth Amendment privilege, we are keenly appreciative of the purposes which underlie the guarantees against self-incrimination, as well as our responsibility to assure that Holstad is afforded a fair and just criminal Trial, if one should ever be held. In our considered view, the

entry of an Order, which would seal those portions of Holstad's deposition testimony that relate to matters involved in the anticipated criminal investigation, strikes a proper balance between the competing forces in tension.

In so deciding, we are guided by our Court of Appeals' observations, in *General Dynamics Corp. v. Selb Manufacturing Co.*, supra at 1215, where a civil defendant was required to answer Interrogatories during the pendency of a related criminal proceeding. There, the Court affirmed the dismissal of the defendant's counterclaim as a sanction for his failure to respond to the Interrogatories. As pertinent here, however, the Court suggested that the answers "could have been sealed except for the use of the parties and their counsel in the civil litigation," and that "[t]he civil trial could have proceeded under court imposed orders that would have restricted [defendant's] testimony to the civil proceedings, if such were necessary to protect his rights." *Id.* Significantly, in the Court's view, proceeding in this manner "would have comported with justice for both sides," and "would have obviated the troublesome problem here presented." *Id.* We are persuaded by the logic of this approach, and note its acceptance elsewhere. See, e.g., *Valentin, By and Through Valentin v. Richardson*, 110 F.R.D. 622, 628 (D.Mass.1986) (citing *General Dynamics Corp. v. Selb Manufacturing Co.*); *Waldbaum v. Worldvision Enterprises, Inc.*, 84 F.R.D. 95, 98 (S.D.N.Y.1979); *D'Ippolito v. American Oil Company*, 272 F.Supp. 310, 312 (S.D.N.Y.1967).

In sum, by precluding the disclosure of those portions of Holstad's deposition testimony, whose substance overlaps with the anticipated criminal investigation, to those who are, or will be, involved in that investigation, we will preserve Holstad's right to have any criminal charges prosecuted pursuant to the Federal Rules of Criminal Procedure, without the broad scope of discovery allowed under the Federal Rules of Civil Procedure.[1]

---

1. Of course, the decision as to whether his Fifth Amendment privilege should be invoked, during the course of the deposition, is exclusively held by Holstad, and we leave to the Trial Court's determination what use of the deposition transcript, if any, will be allowed at the time of Trial. By the time that determination need be made, greater certainty as to the actuality, and scope, of any' criminal investigation, will be afforded the Trial Court. Similarly, it goes without saying,

NOW, THEREFORE, It is—

ORDERED:

1. That Holstad's Motion to Modify the Pretrial Scheduling Order so as to permit the Hearing of his Motion for a Protective Order [Docket No. 24] is GRANTED.

2. That Holstad's Motion for a Protective Order, which would limit the scope of his deposition until the completion of any related criminal proceedings or investigations against him [Docket No. 24], is DENIED.

3. That the portions of Holstad's deposition, which relate to matters pertaining to his criminal investigation, shall be sealed until the date of Trial, and we defer to the Trial Court any ruling on the use of Holstad's deposition at Trial.

4. That the sealed portions of Holstad's deposition shall remain confidential, and shall not be disclosed to any third persons, other than the attorneys of record and their professional staff, who shall maintain the confidential status of any information therein contained.[2]

5. That Fidelity's informal Motion to extend the discovery deadline, until two weeks after the completion of the deposition of Holstad, is GRANTED.

that the Trial Court will be at liberty to determine what protections, if any, will be required at Trial, or if a continuance of the Trial is necessary, should criminal violations be charged against Holstad.

Lastly, we note that Fidelity has requested that the discovery deadline be extended for a period of two weeks after the completion of Holstad's deposition, in order that any additional discovery, which is prompted by the content of that deposition, can be promptly completed. We find

good cause for the requested extension, and we grant the same.

2. Of course, the parties are entitled to be advised about the contents of the deposition, and they shall be bound by our directive that the sealed portions of Holstad's deposition remain confidential. In the event that an expert witness requires access to the sealed portions of the deposition transcript, the parties are at liberty to propose an appropriate Confidentiality Order for this Court's review.