Carrell **WHITE** and Corine White, on behalf of themselves and all other persons similarly situated, Plaintiffs,

v.

**MAPCO GAS PRODUCTS, INC; Buckeye Gas Products; and Econo-Gas Supply, Inc., Defendants.**

No. LR–C–86–439.

United States District Court, E.D. Arkansas, W.D.

June 18, 1987.

Philip Kaplan, Karen L. Arndt, Kaplan, Brewer & Miller, Little Rock, Ark., Michael D. Buchwach, Howard A. Specter, Specter & Buchwach, P.C., Pittsburg, Pa., for plaintiffs.

James H. Gray, Jr., Wright, Lindsey & Jennings, Little Rock, Ark., and Bruce Featherstone, Kirkland & Ellis, Denver, Colo., for Mapco Gas.

Samuel A. Perroni, Little Rock, Ark., and John T. Schmidt, Tulsa, Okl., for Buckeye Gas.

John C. Calhoun, Jr., Little Rock, Ark., and Bradley Westmoreland, Harris, Westmoreland & Herring, Houston, Tex., for Enono-Gas.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

On August 4, 1986, plaintiffs Carrell White and Corine White [1] filed suit against defendants MAPCO Gas Products (Mapco), Buckeye Gas Products (Buckeye) and Econo-Gas Supply (Econo-Gas) [2] alleging defendants engaged in a price-fixing conspiracy in the sale of liquid propane (LP) gas in Arkansas in violation of 15 U.S.C. §§ 1, 15 and 26. At the time plaintiffs filed their civil anti-trust action, a grand jury originally empanelled in February, 1986, in the Eastern District of Arkansas was investigating suspected price fixing and related offenses in the LP gas industry in Arkansas. Mapco, one of the largest retailers of LP gas in Arkansas, had been subpoenaed to appear before the grand jury as had other LP gas wholesalers and retailers. The grand jury investigation continues as of this date. Two individuals and their company, not parties to this civil action, were indicted on January 23, 1987. In addition, the grand jury has targeted

---

1. Plaintiffs originally filed this action as a class action. By Order dated January 30, 1987, the Court denied plaintiffs' motion for class certification.

2. By Order dated November 26, 1986, the Court granted plaintiffs' motion to dismiss Econo-Gas.

three other individuals and their employer corporations.

After the commencement of this action, the parties began discovery. On September 3, 1986, Mapco noticed the depositions of Cross County Farmers Association, Baker L–P Gas Company, Southern Farmers Association, Paul Hogue, John Crum, Crum and Associates, Joe Steinberg, and J.L. Campbell. Depositions were scheduled for September 17th, 18th, 19th and 26th, 1986. Some of the entities and individuals subpoenaed by Mapco are, like Mapco, subjects of the grand jury investigation and have testified or have been subpoenaed to testify before the grand jury.

Subpoenas duces tecum issued by Mapco in connection with the depositions required the deponents to produce documents relevant to the grand jury investigation, including any documents evidencing the deponent's cooperation with the Government. In particular, the deponents were required to bring: "All documents relating to any communication or cooperation with any federal or state government prosecutor, agent, investigator, attorney or official concerning any investigation into the liquid propane gas business, including, without limitation, all letters, notes of interviews or telephone calls, statements, agreements or any immunity arrangement."

The issuance of the subpoenas led to a flurry of motions which are now pending before this Court. The Government moved to stay discovery, Hogue moved to quash the subpoena, Crum and Associates, Baker L–P Gas, John Crum and Joe Steinberg all moved to stay the subpoenas issued to them. Baker L–P Gas, J.L. Campbell and Cross County Farmers Association moved for protective orders. On September 25, 1986, the Court entered an Order staying discovery in light of Mapco's agreement to continue the depositions until the parties had an opportunity to present their arguments to the Court.

Additional motions concerning discovery have been filed and the arguments have been fully briefed. The Court has reviewed the record and the arguments presented and is prepared to rule.

## I.

## THE GOVERNMENT'S MOTION FOR STAY OF DISCOVERY

On September 10, 1986, the United States filed a motion asking that the Court enter an order staying discovery by Mapco of the individuals and companies which Mapco sought to depose. The Government requested that the stay remain in effect until either (1) the grand jury empanelled failed to return an indictment against any of the parties in this action, or (2) the conclusion of the presentation of the evidence in a criminal trial should the grand jury indict any of the parties.

On February 18, 1987, the Government filed a supplemental motion to stay all discovery in the case pending the completion of the grand jury's current investigation into the LP gas industry in Arkansas and the completion of all criminal cases arising out of that investigation. The Government noted that since the filing of its original motion, the progress of the grand jury has necessitated, according to the Government, a stay of all discovery.

■ The Court notes that the Government is not a party to this proceeding. Thus, the threshold issue is whether the Government, not being a party to this private civil action, has any standing to ask for a stay of discovery. The Government relies on Rule 6(e) of the Federal Rules of Criminal Procedure as well as the Court's "general supervisory powers" as authority for the Court to consider its motion.

The Court fails to see how Rule 6(e) of the Federal Rules of Criminal Procedure gives the Government standing to ask the Court for a stay of discovery. Rule 6(e) codifies the requirement that grand jury activities generally be kept secret. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 n. 9, 99 S.Ct. 1667, 1672 n. 9, 60 L.Ed.2d 156 (1979). Rule 6(e)(3) then sets forth the conditions under which disclosure of matters occurring before the grand jury may be made.

■ Even if the Rule could be construed to give standing to the Government to petition the Court to prevent disclosure of grand jury matters, the rule is limited only to a prohibition of *matters occurring before the grand jury*. Here, the Government seeks a stay of all discovery, much of which concerns matters not limited to the grand jury proceedings, but which has its own instrinsic value. *See, McArthur v. Robinson*, 98 F.R.D. 672, 677 (E.D.Ark. 1983).[3]

In sum, the Court is persuaded that the Government does not have standing under Rule 6(e) of the Federal Rules of Criminal Procedure to ask the Court to stay all discovery in a case in which the Government is not even a party.

■ The Government also asks that the Court, under its "general supervisory powers", grant the Government's motion. The Government does not cite any authority for the proposition that the general supervisory powers of the Court can be invoked for the benefit of a non-party without standing. The Government may not just "insinuate itself into a private civil lawsuit between others" as it seeks to do here. *See, Martindell v. International Telephone and Telegraph Corp.*, 594 F.2d 291, 294 (2nd Cir.1979). The Government is required to adhere to the same standards and rules as all litigants are required to do.

"The proper procedure, as the Government should know, was ... to seek permissive intervention in the private action pursuant to Rule 24(b)" of the Federal Rules of Civil Procedure. *Id.* "If a court has for some reason permitted persons who are not parties to a suit to participate in some stage of the proceedings, this will rarely, if ever, suffice to eliminate the necessity of formal intervention for these persons to become parties in their own right." *Spangler v. Pasadena City Board of Education*, 552 F.2d 1326, 1329 (9th Cir.1977).

Here, the Government has failed to bring its matter before this Court in compliance with the Federal Rules of Civil Procedure. Understandably, Mapco has objected to the Government's standing in this case. Therefore, the Court cannot find that the parties have waived any objections to intervention and entertain the government's motion on what would amount to a *de facto* grant of permissive intervention. *Martindell, supra*. Rather the Court is persuaded that the Government does not have standing to ask for a stay of discovery in a case in which it is not a party or has not been granted intervenor status. Accordingly, the motion to stay discovery and the supplemental motion to stay discovery are denied.

## II.

### BUCKEYE'S MOTION FOR STAY OF DISCOVERY

Buckeye has also moved for a stay of all discovery until the grand jury completes its investigation of alleged price fixing in the LP gas industry in Arkansas. Buckeye states that it is being investigated by the grand jury.

■ At the outset, the Court notes that its power to stay proceedings is within its inherent authority to control the disposition of cases on its docket. In determining whether to grant a stay, the Court must weigh the competing interests of the suppliant · for a stay and the litigant who wishes to pursue his or her claim. *Landis v. North American Co.*, 299 U.S. 248, 254–

---

**3.** One of the traditional reasons for grand jury secrecy is to encourage witnesses to appear and speak freely without fear of retaliation. Rule 6(e) however does not impose any obligation of secrecy on witnesses and does not prevent disclosure. A witness is free to discuss his or her testimony outside the jury room in the absence of any specific restraint. *William Iselin & Co. v. Ideal Carpets, Inc.*, 510 F.Supp. 343 (N.D.Ga. 1980). *See also, In re Swearingen*, 605 F.2d 125, 128 (4th Cir.1979).

When a party, however, is attempting to compel disclosure of matters occurring before the grand jury, then the secrecy of the grand jury proceedings is protected by a requirement that the party seeking the information demonstrate a particularized need for disclosure. *See, Douglas Oil v. Petrol Stops Northwest, supra.* In general, the particularized need standard is applicable only when disclosure of grand jury transcripts or minutes is sought, as these are considered matters occurring before the grand jury under Rule 6(e)(3).

55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936). In some instances, courts have stayed civil discovery until termination of related criminal proceedings. *See, e.g., Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1985); *Dienstag v. Bronsen*, 49 F.R.D. 327 (S.D.N.Y.1970). Other courts have refused to stay discovery. *See, e.g., Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53 (E.D.Penn.1980).

In determining whether a stay of discovery should be ordered, the Court must look at five competing interests:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;
>
> (2) the burden which any particular aspect of the proceedings may impose on defendants;
>
> (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;
>
> (4) the interests of persons not parties to the civil litigation; and,
>
> (5) the interest of the public in the pending civil and criminal litigation.

*Golden Quality Ice Cream Co. v. Deerfield Specialty*, 87 F.R.D. 53, 56 (E.D.Penn. 1980). After reviewing the competing interests, the Court is persuaded that a stay should be granted.

(1) Plaintiffs' Interest and Potential Prejudice:

The Court is mindful that a plaintiff has the right to pursue his or her case vigorously and to have his or her claim resolved expeditiously. The Court is persuaded, however, that plaintiffs in this case will not be unduly prejudiced or suffer any harm if civil discovery is stayed. In fact, plaintiffs do not object to a stay of discovery. The proposed pre-trial order plaintiffs submitted recommends that merits discovery be stayed for six months or until the grand jury is dismissed without issuing an indictment or until the grand jury issues any indictments, whichever is shorter. Fur-

thermore, plaintiffs may actually benefit from a stay since the completion of the grand jury investigation and the resolution of any criminal cases might reduce the scope of discovery in the civil case or simplify the issues. *See, Brock v. Tolkow*, 109 F.R.D. at 120.

(2) Burden on Defendants:

Defendants are confronted with the necessity of defending a civil anti-trust action while at the same time undergoing a grand jury investigation. Intensive civil discovery may divert resources which may be necessary for defense of a possible criminal action.[4]

Buckeye also argues that although corporate defendants do not have a Fifth Amendment privilege against self-incrimination, *see, United States v. Kordel*, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970), the corporate employees may have Fifth Amendment interests which could be jeopardized. The implication of the right against self-incrimination must be given serious consideration in the balancing of interests. *See, Brock v. Tolkow.*

(3) The Burden on the Court:

The Court, of course, is cognizant of its responsibility to keep its calendar moving to provide litigants expeditious determination of their cases. *See, Dienstag v. Bronsen, supra.* Nevertheless, the Court is persuaded that a stay of limited duration will promote judicial economy and efficiency. Resolution of the related criminal matter may eliminate much of the Court's work in the civil action. For example, if the Government succeeds in the prosecution of the criminal case, the parties and the Court "will very likely be relieved of the burden attendant upon plaintiffs' need to prove antitrust liability." *Golden Quality Ice Cream Co.*, 87 F.R.D. at 57. Furthermore, termination of the criminal matter eliminates the conflict concerning assertion of the Fifth Amendment privilege which should allow civil discovery to proceed more smoothly. *Id.*

---

**4.** That an indictment has not yet been returned does not make consideration of the motion for a stay any less appropriate. *See, Brock v. Tolkow*, 109 F.R.D. 116, 119 n. 2 (E.D.N.Y.1985).

(4) Burden on Non-parties:

Corporations speak only through their officers and other upper-level managers. It may be anticipated that some of these persons may have Fifth Amendment privileges by virtue of the grand jury probe. The Court notes that the grand jury has designated three individuals as targets. "The dilemma for such persons is severe—because they face serious penalties in the event of a criminal conviction, and because they are not themselves parties to this civil action." *Golden Quality Ice Cream Co.*, 87 F.R.D. at 58.

The interest of non-parties against self-incrimination is an important factor in favor of staying civil discovery.

(5) The Public Interest:

On the one hand, the public has a strong interest in promoting private prosecution of anti-trust claims. On the other hand, the public has a strong interest in seeing that violations of criminal anti-trust laws are prosecuted by public authority. The public's interest in the prosecution of private anti-trust actions is less important here where the instant case will proceed as an individual, rather than class, action and the Government has already committed vast resources to investigating and prosecuting the same matter.

The public also has an interest in maintaining the secrecy of grand jury proceedings and ensuring the integrity of the judicial system. In that regard, the Court is aware that by allowing civil discovery, litigants might have an opportunity to circumvent the more restrictive rules of criminal discovery to obtain information they would not otherwise be entitled to for use in a criminal suit. *See, Campbell v. Eastland*, 307 F.2d 478 (5th Cir.1962) *cert. denied*, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963); *LaRouche Campaign v. F.B.I.*, 106 F.R.D. 500 (D.Mass.1985).

In sum, the Court is persuaded that the weighing of competing interests warrants a stay of all civil discovery pending completion of the grand jury's investigation of the LP gas industry in Arkansas. The stay will be in effect from this date until the grand jury that has been empanelled is released after failing to return an indictment against any of the parties in this action or until the conclusion of the presentation of evidence in a criminal trial should the grand jury indict any of the parties in this action.

### III.

### MOTIONS OF DEPONENTS

In response to Mapco's subpoenas, a number of non-party witnesses moved to quash or stay the subpoena or moved for a protective order. Because the Court has ordered a stay of discovery, the Court will grant the deponents' motions to the extent they ask for a stay of discovery.

### IV.

### MAPCO'S MOTION FOR DISCLOSURE OF J.L. CAMPBELL'S AFFIDAVIT

In support of his motion for a protective order, J.L. Campbell, one of the individuals subpoenaed by Mapco, submitted an *in camera* affidavit. Mapco now seeks disclosure of this affidavit on the basis that whatever is contained in the affidavit is not privileged.

The Court is not persuaded that the disclosure of the affidavit at this time will serve any useful purpose. Certainly, once the stay of discovery is lifted, Mapco will have the opportunity to depose Campbell to discover any relevant information.

### V.

### MAPCO'S MOTION TO STRIKE OR DISMISS ALL ALLEGATIONS THAT RELATE TO CLAIMS OF INJURY OR DAMAGE PRIOR TO AUGUST 4, 1982

Mapco asks that the Court strike paragraph 10 of the complaint in that plaintiffs allege violations of the Sherman Act which occurred prior to August 4, 1982.

A four year statute of limitations applies to all claims for injury or damage arising out of alleged Sherman Act violations. 15 U.S.C. § 15b. Plaintiffs' action was filed on August 4, 1982.

The Court agrees with Mapco that all claims of injury or damage in the complaint prior to August 4, 1982, must be dismissed as time-barred. *See, Amis v. Gulf Abstract & Title*, 564 F.Supp. 1121, 1125 (M.D.Fla.1983), *aff'd sub nom. Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486 (11th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986) (traditional rule is that anti-trust action accrues when the alleged conspiracy or other anti-trust violation has an impact on plaintiff). Plaintiffs' unsuccessful attempt to make this case a class action does not toll the statute of limitations as to the plaintiffs. Furthermore, plaintiffs cannot use the previous lawsuit, *Bowles v. Mapco*, LR–C–86–232, to toll the statute of limitations. In *Bowles*, summary judgment was granted in favor of defendants prior to any motion for class certification or any motion to intervene by plaintiffs.

Therefore, Mapco's motion to dismiss is granted to the extent that allegations of injury or damage occurring prior to August 4, 1982, are barred by the statute of limitations.

## VI.

### CONCLUSION

In sum, the Court orders as follows:

1. The Government's motion to stay discovery and supplemental motion to stay discovery are denied.

2. Buckeye's motion to stay discovery and motion for entry of order staying discovery are granted. Discovery in this case is stayed from the date of this Order until the grand jury that has been empanelled is released after failing to return an indictment against any of the parties in this action or until the conclusion of the presentation of evidence in a criminal trial should the grand jury indict any of the parties in this action.

3. Mapco's motion for a protective order filed on August 22, 1986, and Buckeye's motion to vacate plaintiffs' notice of deposition are moot.

4. Mapco's motion to strike or dismiss all allegations that relate to claims of injury or damage prior to August 4, 1982, is granted.

5. The motions to stay the subpoena by Crum & Associates, Baker L–P Gas, John Crum and Joe Steinberg are granted.

6. The motion to quash the subpoena by Paul Hogue and the motions for protective order by Baker L–P Gas, J.L. Campbell and Cross County Farmers Association are granted only to the extent that discovery is stayed.

7. Mapco's motions to make the affidavit of J.L. Campbell part of the public record, to compel discovery and for entry of an order compelling discovery are denied.

8. The affidavits submitted by the Government and J.L. Campbell in support of their motions shall be placed under seal until further order of this Court.

9. The parties are ordered to advise the Court of the status of this case by August 1, 1987, so that the Court can determine whether the case needs to be removed from the October 12, 1987, trial calendar.