Robert TUSZKIEWICZ, Plaintiff,

v.

**ALLEN-BRADLEY COMPANY, INC., Defendant.**

No. 96–C–110.

United States District Court, E.D. Wisconsin.

April 1, 1997.

Alan C. Olson, Alan C. Olson & Associates, New Berlin, WI, for Plaintiff.

Robert H. Duffy, Pamela M. Ploor, Quarles & Brady, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Mr. Tuszkiewicz has sued his former employer, Allen–Bradley Company, Inc. ["Allen–Bradley"], claiming that when the defendant terminated Mr. Tuszkiewicz, it violated the Americans with Disabilities Act. Presently before the court is the plaintiff's motion to compel the defendant's production of its vendor lists and the defendant's motion for a protective order limiting the plaintiff's discovery of Allen–Bradley's vendors.

The plaintiff, in support of his motion to compel, states that Allen–Bradley's defense is based on Mr. Tuszkiewicz's alleged acceptance of gifts from vendors, in violation of Allen–Bradley's ethics policy. In order to show that this defense is pretextual and that other Allen–Bradley employees received gifts from vendors, the plaintiff argues that he is entitled to discover lists of all of Allen–Bradley's vendors. Allen–Bradley has produced vendor lists from 1995 and 1996, but the plaintiff claims that the 1995 list is "incomplete and is missing vendors previously identified" and that the 1996 list is "deficient in that it does not list the addresses or phone numbers of the vendors." The plaintiff asks that Allen–Bradley produce its vendor lists from 1991 through 1994.

In response to the plaintiff's motion, Allen–Bradley argues that it has produced what it is able and that it would be unduly burdensome and oppressive for Allen–Bradley to produce vendor lists for the years 1991–1994. Specifically, the defendant claims that it has electronic files from which to obtain lists of vendors, but that these files are inaccurate and need to be verified by comparison with actual vendor invoices. According to Allen–Bradley, it would take a computer expert 80 hours to prepare the "inaccurate reports," and that "[a]ssuming that it took someone only one minute to look at each invoice, it would take 1,600 hours for each year to verify the report from the invoices." Furthermore, Allen–Bradley asserts that any new reports would be duplicative of what it has already produced, because the 1995 and 1996 lists contain many vendors used in 1991–94.

Rule 34(a), Federal Rules of Civil Procedure, states that a party may request documents "which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Rule 26(b)(1), Federal Rules of Civil Procedure, allows the discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action" and that which is "reasonably calculated to lead to the discovery of admissible evidence." The scope of discovery under Rule 26(b)(1),

however, is limited by Rule 26(b)(2), which allows the court to limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit" or where "the discovery sought is unreasonably cumulative or duplicative."

A district court has "significant discretion" in resolving a motion to compel. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir.1996). "In making its ruling the district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile*, 95 F.3d at 496.

I am convinced that although the vendor lists requested by the plaintiff are relevant to his case, the lists that Allen–Bradley has already produced are sufficient and that the defendant has met its burden of showing that the plaintiff's requests are onerous. Allen–Bradley cannot be expected to create new reports that would be inaccurate unless the report were verified by comparison to approximately 96,000 actual vendor invoices per year. *See* affidavit of the vice president of finance for drives and motion control and that of an information technology project specialist. I will therefore deny the plaintiff's motion to compel, with costs to Allen–Bradley.

■ The defendant's motion for a protective order is also related to the discovery of information from Allen–Bradley's vendors. The defendant argues that the plaintiff is subpoenaing Allen–Bradley vendors and is asking for all documents that relate to these vendors' relationship with Allen–Bradley or its parent corporation, Rockwell. Allen–Bradley argues that the court "should stop Tuszkiewicz's actual or threatened discovery regarding vendors because it is intended merely to harass, it is overbroad, and it is not reasonably calculated to lead to the discovery of admissible evidence" and that the plaintiff "now seeks worldwide discovery with no foreseeable stopping point." As of the date of Allen–Bradley's filing of this motion, the plaintiff had subpoenaed 14 vendors of Allen–Bradley.

The plaintiff disputes that his discovery of Allen–Bradley vendors is limitless. His response brief states that "[a]dditional subpoenas, if and when they are issued, will be limited in their scope." In addition, Mr. Tuszkiewicz claims that his discovery of the fourteen Allen–Bradley vendors is clearly relevant: "If an Allen Bradley employee located in Flint, Michigan who was involved in the decision to discharge the plaintiff, received a new car from a Massachusetts vendor, is the receipt of the gift not relevant to the pretextual nature of the discharge?"

■ Although the Federal Rules of Civil Procedure do support a policy of liberal discovery, the Rules do set forth a procedure for limiting discovery when necessary. A party wishing to oppose a discovery request does so by moving for a protective order pursuant to Rule 26(c), which provides that the court may issue a protective order "for good cause shown ... when justice so requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [an order] ... that the disclosure not be had...." Rule 26(c)(1), Federal Rules of Civil Procedure. The movant bears the burden of showing "good cause." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986), *cert. denied*, 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987); *Nowaczyk v. Matingas*, 146 F.R.D. 169, 176 (N.D.Ill.1993); *see also Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir.1994) (holding that even when the parties have stipulated for a protective order, there must still be a showing of "good cause").

■ It is generally insufficient for a party moving for a Rule 26(c) protective order simply to allege that one or both of the parties will be harmed if the court does not grant the order. In *Cipollone*, for example, the court of appeals for the third circuit said that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone*, 785 F.2d at 1121; *see also* 8 *Charles Alan Wright & Richard L. Marcus, Federal Practice and Procedure* § 2035 (1994) ("The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory allegations.").

Allen-Bradley has not alleged that it, or the non-party vendors, would suffer any harm from the plaintiff's discovery of these fourteen vendors. Its argument ·that the plaintiff's discovery is "inappropriate" or that it could burgeon into potentially·limitless discovery does not meet the good cause standard. I am aware that Mr. Tuszkiewicz, on Friday, March 28, 1997, filed a motion to compel the discovery of two of Allen–Bradley's vendors, C–Graphic and Quarles & Brady. The court received a response from C–Graphic's counsel, who is an attorney at Quarles & Brady, on Monday, March 31, 1997, but has not yet received any responses from Quarles & Brady. As I notified the parties at the telephonic hearing, the date for responding to the plaintiff's motion to compel is Friday, April 4, 1997. These motions, however, may be addressed separately. For the purposes of the present motion, I find that Allen–Bradley has not shown good cause to receive a protective order that would limit Mr. Tuszkiewicz's discovery of non-party vendors.

Therefore, IT IS ORDERED that the plaintiff's motion to compel the defendant's production of vendor lists be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion for a protective order be and hereby is denied.

IT IS FURTHER ORDERED that the parties shall bear their own costs in connection with the two motions resolved herein.