Neel, Stephen E., J.
Defendant Modem Continental Constmction Co., Inc. (Modern) moves for a protective order “directing postponement of any testimonial discovery [depositions, requests for admission and answers to interrogatories] directed to Modern and any officer, employee, agent or representative, past or present, who so requests, until the criminal action is resolved or until such other time as this Court deems appropriate.” Modern’s Memorandum, at 13. Modem seeks “the very same protection” that it asserts the Court has already afforded defendant Powers Fasteners (Powers), id. at 4, citing Exhibit B to Modern’s Memorandum (i.e., the Court’s October 24, 2007 Memorandum and Order on Powers’s Motion for a Protective Order Pending the Outcome of Criminal Proceedings, and on Emergency Motion of Ray Williamson for Protective Order (October 2007 Order), and the Court’s April 10, 2008 Order on Emergency *411 Motion of the Bechtel/Parson Brinkerhoff Defendants’ and Defendant Modem Continental Constmction Co. to Compel Attendance of Jeff Powers at his Deposition Noticed for April 4, 2008 (April 2008 Order)).
As plaintiffs point out in their opposition, the Court did not grant Powers the relief which Modern now seeks. Rather, in light of the circumstances at the time of the October 2007 Order, the Court deferred action on Powers’s motion, and allowed the separate motion of the Powers-related deponents (Ray Williamson and, subsequently, John Armour) to stay their depositions for three months.[1]
The factors which the Court considered in the October 2007 Order are the factors to be considered here. Id. at 1-2.[2] Likewise, Modem’s present circumstances are in some ways similar to Powers’s at the time the Court entered the October 2007 Order. Modem stands indicted now, as Powers did then, and depositions of Modern’s present or former employees are to be taken shortly, as were those of Powers. The federal grand jury continues, and additional charges may yet be brought. There are at least two significant differences, however: the parties to this case are significantly further along toward completion of fact discovery than they were last October, and none of the individual Modem-related deponents[3] has objected to being deposed. Plaintiffs’ Opposition, at 8.
The Court weighs the five factors set out above as follows.
The interest of the plaintiffs in proceeding expeditiously “with this litigation or any particular aspect of it,” Nowaczyk at 174, matches that of most of the defendants, at least so far as completion of fact discovery is concerned. A delay of depositions and other fact discovery substantially[4] beyond the current deadline poses a real risk of irremediable loss of witness memories, and perhaps a lesser, but still concerning, risk of witness unavailability for deposition or trial, whether through death, disability, or other circumstance. The resulting prejudice to the parties’ ability to prove or defend against claims or cross claims, which pose many millions of dollars in potential liability, would be substantial.
With regard to the second factor — burden on defendants — substantial delay would pose an undue burden on most defendants for the reason just stated. On the other hand, denial of the relief Modem seeks would not pose an undue burden on Modern. For example, while Modem acknowledges that it has no fifth amendment privilege, it seeks to bar discovery because of its concerns that Modern-related individuals may assert their individual privileges, to Modern’s detriment. The argument is unavailing: a corporation may not take advantage of the personal fifth amendment privileges of individuals to bar discovery. See United States v. Kordel, 397 U.S. 1, 8 (1970) (corporation may not avoid obligation in civil suit to answer interrogatories by selecting individual to verify the answers who asserts his own fifth amendment privilege; “(s]uch a result would effectively permit the corporation to assert on its own behalf the personal privilege of its individual agents”). Nor is Modern’s argument that an adverse inference may be drawn against it from an individual’s invocation of the fifth amendment supported by any more authority than was offered by Powers in support of its motion.
Modern’s concern that discovery of it by other parties in this action “will find [its] way into the hands of federal prosecutors who under normal circumstances would be unable to obtain such information under the Federal Rules of Criminal Procedure” is not, standing alone, a sufficient basis upon which to stay such discovery. If it were, no civil case such as this could proceed while a criminal charge was pending, which is not the law: “(i]n the absence of substantial prejudice to the rights of the parties involved, such parallel proceedings are unobjectionable under our jurisprudence.” Securities and Exchange Commission, v. Dresser Industries, Inc., 628 F.2d 1368, 1374 (D.C.Cir. 1980). Moreover, “a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions ‘when the interests of justice seem to require such action . . .’ ” Id. at 1375. See Digital Equipment Corp. v. Currie Enterprises, 142 F.R.D. 8, 13-14 (D.Mass. 1991) (court may, “in lieu of a general stay, impose protective orders [or] seal interrogatories ...”). To the extent that such measures are appropriate in this case, they may be pursued by motion.
The third factor- — convenience of the court in the management of its cases, and the efficient use of judicial resources — clearly disfavors extended and piecemeal discovery in this complex case which involves numerous parties and multiple claims and cross claims. See Digital Equipment Corp., 142 F.R.D. at 14.
As to the fourth factor — interests of persons not parties to the civil litigation — non-party deponents have not objected to their depositions. Nor does the United States have any rights in civil discovery that might otherwise be implicated.
Finally, the interest of the public in both the pending civil and criminal litigation is substantial, and does not clearly favor either the moving or opposing parties.
ORDER
For the reasons stated above, Modern’s motion for protective order postponing discovery against it is DENIED.

The April 2008 Order addressed the narrow issue of whether and the extent to which Jeff Powers’s deposition was necessary for Modem and the Bechtel defendants’ preparation of oppositions to Powers’ motion for summary judgment.

See Nowaczyk v. Matingas, 146 F.R.D. 169, 174 (N.D.Ill., E.Div., 1993) (“The Court must weigh five competing interests: (1) The interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and *412 the potential prejudice to plaintiffs of a delay; (2) The burden which any particular aspect of the proceedings may impose on defendants; (3) The convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) The interests of persons not parties to the civil litigation; and (5) The interest of the public in pending civil and criminal litigation.” (Citation omitted.)

Neil Joyce, Fernando Carvalho, Manuel Diaz, DeMazio Perriera, Duarte Ciano, all (with the possible exception of Joyce) to be completed by July 31. A 30(b)(6) deposition of Modem has apparently been postponed.

As noted above, Modern seeks a stay until the criminal charges against it have been resolved. At the hearing on this motion, the United States estimated that the criminal case against Modem might be tried between one and two years from now.